# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARCUS HILL,** | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )   CIVIL ACTION NUMBER: |
| | ) |
| **PORTFOLIO RECOVERY** | ) |
| **ASSOCIATES, LLC,** | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

This is an action brought by the Plaintiff, Marcus Hill, for statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331.  Venue is proper in that at all relevant times the Defendant transacted business in this District, and the Plaintiff resides in this District.

### STATEMENT OF THE PARTIES

1. Plaintiff, Marcus Hill, is over the age of nineteen (19) years and is a

resident of the city of Birmingham in Jefferson County, Alabama.

2. Defendant **PORTFOLIO RECOVERY ASSOCIATES, LLC**, (hereinafter referred to as "PRA") is a Limited Liability Company formed in the State of Delaware that is authorized to do business in this judicial district. Plaintiff asserts that Defendant PRA is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. §1692(a)(6).

## STATEMENT OF FACTS

### *Background*

3. Prior to April 27, 2021, PRA allegedly purchased or was otherwise was assigned a debt belonging to the Plaintiff that was in default. Hereinafter this defaulted debt allegedly owed by the Plaintiff will be referred to as "the debt."

4. On or about April 27, 2021, PRA sent Plaintiff a collection letter in an attempt to collect the debt. The debt PRA was attempting to collect from the Plaintiff was incurred for personal, family, or household services, and, as such, was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

5. In and about its efforts to collect the debt from Plaintiff, PRA decided

        to contact Plaintiff about the debt via written correspondence.

6. However, rather than preparing and mailing a collection letter on its own, PRA sent information regarding the Plaintiff and the debt to a third-party commercial mail house located in or around Concord, California (hereinafter referred to as "the mail house").

7. PRA disclosed to the mail house:

    a. Plaintiff's status as a debtor;

    b. the amount of the debt allegedly owed to PRA;

    c. the original creditor;

    d. the account number of the debt;

    e. other personal information about or regarding the Plaintiff.

8. The mail house then populated some or all of this information into a pre-written template, printed and mailed the letter from California to the Plaintiff's residence in Alabama.

9. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

10. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a

communication as that term is defined by the FDCPA.

11. PRA's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communicating with the Plaintiff in an effort to motivate or compel the Plaintiff to pay the alleged debt.

12. Plaintiff never consented to having her personal and confidential information concerning the debt, shared with anyone else.

13. In limiting disclosures to third parties, the FDCPA states at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the *consumer*, his *attorney*, a *consumer reporting agency* if otherwise permitted by law, the *creditor*, the *attorney of the creditor*, or the *attorney of the debt collector*. (Emphasis added).

14. The mail house used by PRA as part of its debt collection efforts against the Plaintiff does not fall within any permitted exception

provided for in 15 U.S.C. § 1692c(b).

15. The 11th Circuit, in *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 19-14434, 2021 U.S. App. LEXIS 11648, (11th Cir. Apr. 21, 2021), recently held that the plaintiff in *Hunstein*, who alleged conduct similar to PRA's conduct in this matter, namely transmitting information regarding a debt to a third-party mail house, appropriately had standing and stated a claim under the FDCPA, specifically 15 U.S.C. 1692c(b).

16. Due to PRA's communication to the mail house, information about the Plaintiff, including her name, the amount allegedly owed, the original account number for the debt, the fact that PRA claimed Plaintiff owed a debt, as well as Plaintiff's home address are all within the possession of an unauthorized third-party.

17. PRA unlawfully communicated with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits and without regard to the regulations imposed by the FDCPA or the propriety and privacy of the information which it discloses to such third-party.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(b)

18. Defendant's conduct, as outlined herein, violates 15 U.S.C. § 1692c(b).

19. As a result of Defendant PRA's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant PRA.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Mr. Marcus Hill
c/o Plaintiff's Counsel
P.O. Box 10448
Birmingham, AL 35202-0448

**PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104